

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 28, 1939

Hon. Bill S. Watkins
County Attorney
Llano County
Llano, Texas

Dear Sir:

Opinion No. O-529
Re: Can a part of the ex-officio
salary of a county attorney be
out of the General Road and Brid
Fund as compensation for duties
benefiting the roads of the cou

Your request for an opinion on the above stat
ed question has been received by this office.

Article 3895, Revised Civil Statutes, reads a
follows:

"The Commissioners' Court is hereby de-
barred from allowing compensation for ex-officio
services to county officials when the compensa-
tion and excess fees which they are allowed to
retain shall reach the maximum provided for in
this chapter. In cases where the compensation
and excess fees which the officers are allowed
to retain shall not reach the maximum provided
for in this chapter, the Commissioners' Court
shall allow compensation for ex officio services
when, in their judgment, such compensation is
necessary, provided, such compensation for ex
officio services allowed shall not increase the
compensation of the official beyond the maximum
of compensation and excess fees allowed to be
retained by him under this chapter. Provided,
however, the ex officio herein authorized shall
be allowed only after an opportunity for a pub-
lic hearing and only upon the affirmative vote

of at least three members of the Commission-
ers' Court."

Article 3895, supra, authorizes an allowance
for ex-officio services within the limitations stated.
"Ex-Officio" signifies from or by virtue of office.
It means an authority derived from official character
or annexed to the official position and not expressly
conferred upon the individual. The expression has been
said to refer to services which, though imposed upon
the officer because of his official position, are not
necessarily incident to the performance of the general
duties of his office. Nichols vs. Galveston County,
235 SW 1116.

Section 9, Article 8 of the Texas Constitution
prescribes the maximum rate of taxes for general purpose
for roads and bridges, for juries, and for permanent im-
provements respectively. The money arising from taxes
levied and collected for each of the above enumerated
purposes are constitutional funds.

The Commissioners' Court has no authority to
transfer money from one to another constitutional fund,
or to expend, for one purpose, tax money raised ostensi-
bly for another purpose. The immediate purpose of the
provision is to limit the amount of taxes that may be
raised for these several purposes, respectively, and is
also designed to inhibit excessive expenditures for any
such purposes and to require that any and all moneys
raised by taxation for any purpose shall be applied to
that particular purpose and no other. Carroll vs. Willis
202 SW 504; Ault vs. Hill County, 116 SW 359; Tex. Jur.
Vol. 11, pages 609-10-11; Henderson County vs. Burk, 262
SW 94.

You are respectfully advised that it is the
opinion of this Department that the ex-officio salary
of the county attorney or no part thereof can be paid out
of the General Road and Bridge Fund as this fund is a

constitutional fund and the money of such constitutiona
fund must be applied to that particular purpose for
which it was raised and no other.

Trusting that the foregoing answers your in-
quiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Willi....*

Ardell Williams
Assistant

AW:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL